FILED _____ ENTERED
LODGED _____ RECEIVED

AUG 1 2 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEP.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DESIREE V. MAYES,** *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | **Civil No.  PJM 13-3770** |
| v. | * | |
| | * | |
| **BOARD OF EDUCATION OF PRINCE** | * | |
| **GEORGE'S COUNTY,** *et al.* | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Desiree V. Mayes, *pro se*, has sued the Board of Education of Prince George's County

("the Board") and the Prince George's County Educators' Association ("the Union"), alleging

discrimination in the workplace on the basis of sex, race, and age, in violation of Title IX of the

Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), the Civil Rights Act,

42 U.S.C. § 1981, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*

("FMLA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

("ADEA"). She also claims breach of contract.[1] Both defendants have filed Motions to Dismiss.[2]

For the reasons that follow, the Court **GRANTS WITH PREJUDICE** Defendant Board of

Education's Motion to Dismiss for Failure to State a Claim [Dkt. 19], **GRANTS WITH**

**PREJUDICE** Defendant Union's Motion to Dismiss for Failure to State a Claim [Dkt. 10] as to

---

[1] Mayes filed her original Complaint on December 13, 2013. She amended it on December 30, 2013, without leave of court and without including a new red-lined complaint displaying any changes, which did not comply with Local Rule 103.6(c). However, it appears that the only changes in the two complaints were formatting changes and the Court will proceed on the basis of the latest complaint. This is not, however, in any way meant to suggest to Mayes that she may ignore the Rules of Procedure hereafter.

[2] Both Defendants have also filed Motions to Strike Plaintiff's Surreply [Dkt. 26, 27]. Mayes filed a surreply—titled a Response—without leave of court, which is necessary to file a surreply. *See* Local Rule 105.2(a). Given that Mayes is *pro se* and her surreply does not affect the Court's opinion, the Motions to Strike will be **DENIED**. But, again, Plaintiff has to pay attention to the rules of court.

Counts I, II, IV, VI, and VII, and **GRANTS WITHOUT PREJUDICE** the Union's Motion to Dismiss as to Counts III and V as to it.

**I.**

### Factual and Procedural Background

The Amended Complaint is largely incoherent and devoid of material factual allegations. Despite the deficiencies in the pleading, the Court has pieced together what appears to be the gist of Mayes' allegations.

She began employment as a guidance counselor at Suitland High School in Prince George's County on August 14, 2006. On September 29, 2010, she filed a letter complaining of sexual harassment and hostile work environment with Suitland High School Principal Mark Fossett and a Union representative. About a month later, Mayes met with a Union representative and an Equity Officer to complete the documentation required to pursue her complaint. On January 13, 2011 she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, hostile work environment, and retaliation. She also claims she was retaliated against by the Board for complaining to the EEOC.

Although the Amended Complaint is murky, it appears that Mayes was on sick leave from November 2010 to January 17, 2013. On November 5, 2010, she alleges that a meeting between the Board and the Union was held in her absence to discuss her employment. She says she requested FMLA leave on November 30, 2010, but on December 2, 2010, it was denied. On December 1, 2010, Mayes says she received a threatening phone call from Principal Fossett, purportedly in response to her naming him in her "sexual harassment complaint [filed] with the [PGCPS Equity Assurance Office]" (Compl. ¶15). Mayes additionally claims that the Board

committed fraud in January 2011 by submitting false reports regarding her FMLA status to the EEOC.

On November 30, 2011, with Mayes still on sick leave, the Board and the Union sent her a letter stating that she would have to apply for retirement disability in order to meet the sick leave bank guidelines. The application was denied.[3]

In March 2013 Mayes says she received a letter from the Director of Human Resources directing her to inform it of her decision to either: (1) extend an approved leave of absence; (2) submit a letter of resignation; or (3) explain her failure to report. This correspondence was added to Mayes' personnel file, which she claims contributed to a hostile work environment. She responded by questioning a provision of the Collective Bargaining Agreement ("CBA") between the Union and the Board. On August 19, 2013, Mayes received a second letter offering her the same four options with respect to her employment situation.

In sum, Mayes claims that from October 27, 2008 to February 1, 2013 she was sexually harassed, humiliated, terminated, reduced in salary, deprived of promotional opportunities, and faced deceptive personnel changes. She seems to allege that she was terminated on January 18, 2013, after exhausting her sick leave bank of 384 days by taking extended sick leave from November 2010 to January 17, 2013. (She claims she is entitled to 730 days). It is not clear from her pleadings if Mayes was ever actually terminated.[4] Mayes alleges that at a minimum the Board has changed her employment status from inactive to active, which has resulted in her being unable to receive unemployment benefits insurance.

---

[3] Mayes does not allege who denied her application or why it was denied.
[4] The Board claims that Mayes is still an employee of the Board and points to Exhibit 1 to its Motion to Dismiss [Dkt. 24]. This Exhibit appears to be a screenshot of Mayes' employment profile and shows her as Assignment Category "Fulltime-Regular" and with a Status of "Leave Without Pay" as of January 17, 2013.

On July 15, 2013, Mayes filed a Complaint against the Board in the Circuit Court for

Prince George's County, alleging employment discrimination and retaliation under Title IX,

Title VI, negligent supervision and retention, and intentional infliction of emotional distress. The

Board removed the action to this Court and Judge Motz eventually granted the Board's Motion

to Dismiss on November 26, 2013, citing five grounds: (1) Mayes' claims under Title VI and

Title IX arising on or before July 15, 2011 were time-barred by reason of the two-year statute of

limitations; (2) her claims based on sexual orientation were dismissed because Title VI and Title

IX do not apply to such claims; (3) her claim of hostile work environment after July 15, 2011

was barred because she was on leave, not at work, from November 2010 to January 17, 2013; (4)

she did not allege any causal connection between the Board's actions and alleged discrimination

against her after July 15, 2011; and (5) her claims based on health were not actionable under

either Title VI or Title IX. *See Mayes v. Bd. of Educ. of Prince George's Cnty.*, No. JFM 13-

3086. In the present action, Mayes has filed a seven-count Complaint, alleging violations of Title

IX (Count I – Wrongful Termination; Count II – Retaliation; and Count IV – Hostile Work

Environment and Prior Protected EEOC Activity); Count V – 42 U.S.C. § 1981 and 18 U.S.C. §

371; Count VI – FMLA and Fraud, Count VII – ADEA; and Count III – Breach of Contract.

Interspersed among these counts, Mayes folds in a number of other purported claims, including

breach of the duty of fair representation, breach of fiduciary duty, due process violations, and

conspiracy.

## II.

### Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

A district court has the discretion to grant a motion to dismiss with or without prejudice. *Hinks v. Bd. of Educ. of Harford Cnty.*, Civ. No. WDQ-09-1672, 2010 WL 5087598, at * 2 (D. Md. Dec. 7, 2010). Dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *Id.* (citing *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)).

## III.

### Parties' Contentions

The Board argues that Mayes' claims against it are barred by *res judicata*, specifically claim preclusion, because they arise from the same set of facts as those she unsuccessfully brought in *Mayes v. Bd. of Educ. of Prince George's Cnty.*, No. JFM 13-3086.

The Union argues that the Amended Complaint should be dismissed as to it for failure to state a claim. It argues that Mayes' breach of contract claim under Count III is nothing more than an assertion; she has neither attached a written contract nor appropriately pleaded the elements of

an oral contract between the Union and herself. Additionally, says the Union, Mayes' § 1981

claim (Count V) is vague and conclusory and, among other things, she does not allege the Union

intentionally discriminated against her. Last, the Union argues that the remaining claims are

necessarily directed at her employer, not at the Union.

### IV.

### The Board

The Court considers first whether Mayes is barred from relitigating her claims against the

Board.

Claim preclusion "bars a party from relitigating a claim that was decided or could have

been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th

Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004). For claim

preclusion to apply, "there must be (1) a final judgment on the merits in a prior suit; (2) an

identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties

or their privies in the two suits." *Pueschel*, 369 F.3d at 354-55. It is undisputed that Mayes is the

Plaintiff and the Board is a Defendant in both cases. At issue are the first and second elements.

All of Mayes' claims against the Board in the prior case were dismissed for failure to

state a claim under Fed. R. Civ. P. 12(b)(6). Dismissal in a prior suit "for failure to state a claim

under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with

prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (citations omitted).

Insofar as the same claims are reiterated in the present suit, the first element of claim preclusion

would be satisfied.

Identity of the cause of action in two suits is established when the claims asserted "'arise

out of the same transaction or series of transactions or the same core of operative facts,'"

6

regardless of whether the claims asserted in both are identical. *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)).

"'Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.'" *Laurel Sand & Gravel, Inc.,* 519 F.3d at 162 (quoting *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)).

Mayes' present claims arise from the same two cores of operative fact that were considered and dismissed by Judge Motz in the first action. Counts I, II, III, IV, and VI arise out of the alleged pattern of discriminatory conduct by Board employees during Mayes' employment from 2008 to 2010. Counts V, VI, and VII arise out of the Board's alleged wrongful application of its sick leave bank policy from 2010 to 2013. As to all of those claims, the Court finds they share an identity of the prior cause of action.

Although Mayes has alleged additional counts of breach of contract, fraud, civil conspiracy, violation of the FMLA, and age discrimination that were not previously alleged, these claims all relate to the same fact pattern that formed the basis of her earlier suit. Indeed, all the facts cited in support of Mayes' claims occurred before her first action was dismissed; accordingly, those claims were previously available for her to assert and she was required to bring them in the previous litigation. Since she did not do so, she may not re-litigate here any claims against the Board regarding her employment from 2008 to 2013.

The Amended Complaint is **DISMISSED WITH PREJUDICE** as to the Board.

## V.

### The Union

#### A.

7

The Union argues that Counts I, II, IV, VI, and VII can only be brought against Mayes' employer, not against the Union.[5]   The Court agrees.

Counts I, II and IV of the Amended Complaint arise under Title IX. In Counts I and II Mayes alleges that she was terminated in retaliation for filing a claim of gender discrimination.[6] Title IX prohibits retaliation against an employee of "any education program or activity receiving Federal financial assistance," 20 U.S.C. § 1681(a), for complaints of gender discrimination. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174, 178 (2005) ("When a funding recipient retaliates against a person *because* he complains of sex discrimination, this constitutes intentional 'discrimination' 'on the basis of sex,' in violation of Title IX."). Mayes cannot bring this claim against the Union because it in no way controlled the alleged retaliatory actions taken against her by her employer, such as wage reduction. Moreover, complaining to a Union representative does not itself establish a retaliation claim.

Mayes' Title IX hostile work environment claim (Count IV) may also only be brought, if at all, against an employer. Plaintiff must show "there is a basis for imputing liability to the Board." *Armour v. Bd. of Educ. Of Prince George's Cnty.*, Civil No. PJM 11-2855, 2012 WL 3257653, at *4 (D. Md. Aug. 6, 2012) (citing *Jennings v. Univ. of N.C.*, 482 F.3d 686, 695 (4th Cir. 2007)). Not only does Mayes not show this; it would strain all reason to suggest that such an imputation could ever be substantiated.

Mayes' due process claim in Count III similarly does not lie against the Union. She claims "Defendants" denied her a property right in a job in violation of due process (Compl.

---

[5] As a preliminary matter, Counts I, II, and IV under Title IX as alleged against the Union are without merit because the Union is not an entity that receives federal funds, a requirement for suit against an entity under Title IX. 20 U.S.C. § 1681(a); *see also Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 468 (1999) (holding NCAA not subject to Title IX merely because it received dues from federally-funded members).
[6] Mayes seemingly alleges "wrongful termination" under Title IX in Count I, which the Court will construe as part of her retaliation claim, since there is no such cause of action under Title IX.

¶51), and breached her "implied contract for services." (*Id.* ¶50). The Supreme Court has held "[t]he protections of the Due Process Clause apply to government deprivation of those perquisites of government employment in which the employee has a constitutionally protected 'property' interest." *Gilbert v. Homar*, 520 U.S. 924, 928 (1997). Mayes' due process claim cannot be brought against the Union because it was not and is not her employer, nor is it a public entity.

Count VI of the Amended Complaint includes a claim of fraud against the Union under 29 C.F.R. § 1602.8 and under the FMLA for submitting a purportedly false report to the EEOC. However, the supposedly false report was submitted by Prince George's County Public Schools, not by the Union. The FMLA claim fails for the same reason: An FMLA claim can only be brought against her employer. 29 U.S.C. § 2611(4); *Scamihorn v. Gen. Truck Drivers*, 282 F.3d 1078, 1081 n.2 (9th Cir. 2002) (noting the district court's dismissal of FMLA claim against the union because it was not plaintiff's employer). If this were not enough, Mayes' FMLA claim is time-barred even if the Court were to apply the three-year statute of limitations for willful conduct, 29 U.S.C. § 2617(c),[7] because the "last event" was her denial of FMLA leave on December 1, 2010, and this action was filed on December 12, 2013, more than three years later.

Count VII attempts to assert a claim against the Union under the ADEA. Under the ADEA: "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). Mayes has not shown that she even filed an EEOC or other charge against the Union prior to this suit, which is to say she has failed to exhaust her administrative remedies. In any event, she has not pled nor can she plausibly plead that the Union had any control over the

---

[7] FMLA claims have a two-year statute of limitations governed by 29 U.S.C. § 2617(c)(1). However, if the FMLA violation was willful, the statute of limitations runs for three years. 29 U.S.C. § 2617(c)(2). In both cases, the statute of limitations starts running from the last event underlying the action. 29 U.S.C. § 2617(c)(1)-(2).

ADEA-based allegations in Count VII such as her employment status, resignation, and retirement benefits. She has not alleged with appropriate specificity that the Union in any way caused the Board to discriminate.

Accordingly, Counts I, II, IV, VI, and VII of the Amended Complaint are **DISMISSED WITH PREJUDICE** as to the Union.[8]

### B.

The remaining counts of the Amended Complaint, *i.e.* Counts III (Breach of Contract) and V (42 U.S.C. § 1981), involve the Union's alleged failure to intervene with the Board on Mayes' behalf or to abide by the CBA. The Union argues that these remaining counts fail to meet the minimum pleading standard required to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees.

Mayes claims that "Defendants", which means the Union as well as the Board, failed to provide her with agreed-upon grievance procedures, due process, and promotional opportunities (Compl. ¶50). She alleges specifically the Union "refused to protect employees from salary discrepancies, hiring practices, discrimination, and retaliation complaints by breaching a fiduciary relationship between Plaintiff and Prince George's County Public Schools" (*Id.* ¶97). She also claims that she "suffered harm because of [the Union's] fiduciary relationship between Prince George's County Public Schools not approving Plaintiff's additional sick leave bank requests" (*Id.* ¶98).

---

[8] The Court will also dismiss with prejudice Mayes' allegations of criminal conspiracy and civil conspiracy alleged in Count V. Criminal conspiracy under 18 U.S.C. § 371 does not provide for a private cause of action. *Horn v. Brennan*, 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011). Civil conspiracy is a state law cause of action requiring: (1) a confederation of two or more persons by agreement or understanding; (2) a tort or other unlawful act committed in furtherance of the conspiracy; and (3) actual compensable damage to the plaintiff. *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 284 (Md. 2007) (citing *Van Royen v. Lacey*, 277 A.2d 13, 14-15 (Md. 1971)). Mayes failed to sufficiently plead civil conspiracy and has not sufficiently shown an unlawful act. Mayes' one sentence conclusory allegation that Defendants are co-conspirators lacks requisite factual support.

10

Mayes then proceeds to assert a laundry list of claims. She claims she submitted a sexual harassment and hostile work environment complaint to Principal Mark Fossett, a Union representative, and an Equity Officer (*id*. ¶14), but that the Union representative told her she would only have "a case" at Suitland High School if she were gay (*Id*. ¶92). Additionally, Mayes claims that in 2011 both Defendants sent her a letter saying she needed to apply for retirement disability, which was denied (*Id*. ¶122). She next claims that the Union allowed the payroll supervisor to deny her leave in 2012 (*Id*. ¶90). She further claims that "Defendants, and each of them, did the acts alleged herein maliciously, fraudulently, and oppressively" (*id*. ¶25), that they "engaged in a persistent pattern of severe or pervasive harassment as set forth herein, which created a hostile and offensive work environment" (*id*. ¶72), that she regularly complained about sexual discrimination to both Defendants from 2008 or 2009 to 2013 (*id*. ¶28), and that "Defendants" "verified" the rumors about her sex life (*Id*. ¶69). She also complains that "Defendants have a pattern and practice of hiring, promoting, retaining younger uncertified employee[s] and discriminating against older employees on the basis of age" (*Id*. ¶126).

Within Counts III and V, Mayes also folds in claims of breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, breach of the duty of fair representation, and discrimination under § 1981. These multiple ingredients make for a cloudy brew. They are perhaps best understood as alleging that the Union breached some sort of duty or contractual obligation to her. *See Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 569 (1990) ("When viewed in isolation, the duty of fair representation issue is analogous to a claim against a trustee for breach of fiduciary duty.").

However, it is generally understood that breach of a fiduciary duty cannot be plead as a separate cause of action in Maryland. *See, e.g.*, *Novara v. Mfrs. & Traders Trust Co.*, Civil

11

Action No. ELH-11-736, 2011 WL 3841538, at *12 (D. Md. Aug. 26, 2011) (dismissing claim of

breach of fiduciary duty because "the cases and commentary make clear, any purported breach of

fiduciary duty for monetary damages cannot, standing alone, constitute a separate and distinct

cause of action under Maryland law for breach of fiduciary duty."). Furthermore, a plaintiff must

"identify the particular fiduciary relationship involved" and "how it was breached." *Kann v.*

*Kann*, 690 A.2d 509, 521 (Md. 1997). *See also Mount Vernon Properties, LLC v. Branch*

*Banking & Trust Co.*, 907 A.2d 457, 472 (Md. 2006) ("no independent cause of action at law

exists in Maryland for breach of the implied duty of good faith and fair dealing.").

　　　Even assuming Mayes were able to posit a fiduciary duty the Union owed her, she still

must state how that duty was breached and what harm was caused as a result of that breach. She

must also show that she made a request for representation or other action to the Union, and that

the Union mishandled or ignored her requests for impermissible reasons. She has done none of

this.

　　　Mayes similarly fails to posit a cause of action against the Union for breach of the duty of

fair representation. A union breaches its duty of fair representation if it acts discriminatorily,

arbitrarily, or in bad faith against one of its members. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

But to the extent that Mayes is attempting to allege the Union "breached its duty of fair

representation in its handling of [her] grievance" against the Board, *Vaca*, 386 U.S.at 914, a

necessary requirement is that the Board shall have breached the Collective Bargaining

Agreement (CBA), *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 164-65 (1983). As with

the Union's alleged breach of fiduciary duty, Mayes has not pled sufficient facts to support a

plausible claim of breach of the duty of fair representation by the Union, including how anything

the Union did or did not do interfered with her "attempt to exhaust any grievance or arbitration

remedies provided in the [CBA]," *id*. at 163. Further, although Mayes makes vague and conclusory allegations of discrimination by the Union, she does not allege any specific Union actions that would justify a trier of fact finding the representation "grossly deficient," or "recklessly disregard[ing of]" her rights. *See Hypes v. Cyprus Kanawha Corp.*, No. 94-1068, 40 F.3d 1244, at *3 (4th Cir. 1994).

Finally, Mayes has not shown how the Union's actions either directly harmed her or exacerbated any harm that may have resulted from the Board's actions. She must show with appropriate specificity and plausibility how the Union caused her harm, what that harm was, and how any requested relief is commensurate with that harm and thus compensable.

To the extent that Mayes is attempting to hold the Union responsible for any alleged discrimination by the Board, that also fails. "[T]he Union cannot be held liable for acquiescing to discriminatory and retaliatory conduct that plaintiff has failed to establish occurred." *Byrd v. Balt. Sun Co.*, 279 F. Supp. 2d 662, 673 (D. Md. 2003).[9]

Mayes has likewise failed to plead the elements of a § 1981 claim. She does not allege any actions showing intentional discrimination on the part of the Union, *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 345 (4th Cir. 2006), nor does she cite to any direct or circumstantial evidence that would permit an inference of discrimination by the Union, *Buchanan v. Consol. Stores Corp.,* 217 F.R.D. 178, 191 (D. Md. 2003). She does not, for example, allege that similarly-situated Union members were treated more favorably than she because of their race. *Id.* (citing *Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir.

---

[9] Some courts have held that labor unions may have a duty under some circumstances to intervene when the employer is discriminating. *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1304 (9th Cir. 1982); *Howard v. Int'l Molders & Allied Workers Union*, 779 F.2d 1546, 1553 (11th Cir. 1986). However, the Seventh Circuit held this to be a minority view, and that unions do not have a duty investigate or ameliorate employer discrimination. *EEOC v. Pipefitters Ass'n Local Union 597*, 334 F.3d 656, 660-61 (7th Cir. 2003). This Court holds with the majority view recognized by the Seventh Circuit.

2001)). In the Amended Complaint, Mayes does not even allege that she is a member of a racial minority (although she does so in a later pleading), which is a requirement for stating a cause of action under § 1981. *Jordan*, 458 F.3d at 345.

In conclusion, the Court respectfully suggests to Mayes that she seriously re-think her claims and, if possible after consulting an attorney, attempt to set forth a more intelligible and plausible complaint that contains appropriate substantial and material factual averments in support of cognizable claims.[10] For now, however, Counts III and V as to the Union are **DISMISSED WITHOUT PREJUDICE**.

Mayes is **GRANTED LEAVE** to file a Second Amended Complaint as to those counts within 60 days. If she fails to re-file within 60 days, the entire case will be dismissed.

### V.

### Conclusion

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendant Board of Education's Motion to Dismiss [Dkt. 19] and Defendant Union's Motion to Dismiss [Dkt. 10] but as to Counts I, II, IV, VI and VII only. As to Counts III and V, Defendant Union's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**, but **GRANTS PLAINTIFF LEAVE** to prepare a new Second Amended Complaint against Defendant Union as to Counts III and V. She must do so within **60 days** from the date of this Memorandum Opinion and Order or the Court, without more, will dismiss the remaining claims against the Union with prejudice.

---

[10] The Court does not by this intend to say that Mayes necessarily has viable claims, only that she will be given another opportunity to state them. The Court also wishes to emphasize to Mayes that she may <u>not</u> attempt to refile any claims that are being dismissed <u>with</u> prejudice.

14

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August ___, 2014

15